## Porter & Lucas v. Helmick.

There is no express statutory provision, limiting the time within which the proceedings of a justice of the peace must be removed into the District Court, by writ of error; nor is there anything from which, by any fair implication, the time can be said to be limited.

Where a writ of error was dismissed on motion, on the ground that it was not sued out within the time prescribed by law; *Held*, That the motion was improperly sustained.

Porter & Lucas v. Helmick.

And where the bill of exceptions stated, as an additional reason for dismissing: the writ of error, that an appeal had been previously taken by the same. party and disposed of; *Held,* That the question could not be raised in this manner.

## *Appeal from the Muscatine District Court.*

JUDGMENT before a justice, in favor of plaintiffs, on the 9th of June, 1853. June 6th, 1854, writ of error issued from the District Court.

At the October term, 1855, the plaintiffs moved to dismiss the writ, because it was not sued out within the time prescribed by law. This motion was sustained, and the writ dismissed, for the reason stated in the motion, and also, as stated in the bill of exceptions, because an appeal had been previously taken by the same party, and disposed of in the same cause. The defendant appeals, and assigns for error, this ruling of the court, dismissing the writ of error.

*S. Whicher,* for the appellant.

*Cloud & O'Conner,* for the appellees.

WRIGHT, C. J.—Whether the taking of an appeal, would preclude the same party from his right to a writ of error, is not necessary to now decide. This question was not presented to the court below by the motion, and could not be properly raised in this manner. It might be the proper matter for a plea in abatement, but not for a motion. It should be so raised as that issue could be taken thereon, and the question regularly adjudicated. Whether there was or was not such an appeal, was a question of fact, which was not, and could not, be made by this motion; and to dismiss the suit on that ground, was deciding a point which the plaintiffs had not suggested, and which the defendant had no opportunity to contest.

Should the suit have been dismissed, then, on the ground stated in the motion? We think not. What is the time within which the proceedings of a justice of the peace must

be removed into the District Court, by a writ of error? This question is more easily asked than answered, so far as our law is concerned. We find no express provision on the subject, nor is there anything, from which, by any fair implication, the time can be said to be limited. An appeal from a justice, must be taken and perfected within twenty days after the rendition of the judgment, but no such time is fixed for obtaining a writ of error. In the one case, a trial on the merits, is the result. In the other, the law of the case on the errors complained of, is alone re-examined. There is, therefore, no such analogy between the two proceedings, as that the limitation in the one, should by fair implication, govern the other. Neither will it do to hold the inflexible rule, that the writ of error must be taken to the term of the District Court to be holden next after the trial by the justice, for this would exclude entirely those cases in which parties, however diligent, would be unable to obtain the writ. The justice, when served, is required to make his return with the least practicable delay, and the return should be made to the next term after such service. But the law nowhere requires, that the writ shall be applied for and issued before the next term. It is true, that if the party wishes to stay the proceedings, he must enter into a recognizance like that required for an appeal, but not within the same time, nor within any fixed or definite period. If the legislature, then, has failed to fix any time within which the writ must be applied for and issued, upon what principle is it, that we shall say twenty days, or before the next succeeding term of the district, or any other number of days, is the limit?

Such a rule would be purely arbitrary, having neither analogy nor sufficient necessity to sustain it. And it is worthy of remark, in this connection, that while a specific period is fixed for taking appeals to the District Court, from all inferior tribunals, and for perfecting appeals to this court; yet, for writs of error to the District Court, and for *certiorari*, the time is left indefinite and unlimited. If this was an omission, we cannot, in the absence of an established rule,

remedy it. If by design, then, the remedy is not with this department, but with the law-making power.

It is to be regretted, perhaps, that the time has not been fixed by positive enactment, for we are aware that a great want of uniformity prevails throughout the different districts of the state. Some limit to twenty days; others, to the next term; and others, again, to one year or a year and a day. But in the absence of a positive provision, or established rule, we cannot see how either of these limitations can obtain, with any more propriety than the time provided for in 10 and 11 Wm. III, c. 14, by the provisions of which, the writ of error must be commenced or brought within twenty years after fine levied, recovery suffered, or judgment signed or entered of record.

It is not necessary, in the decision of this case, to hold that twenty years is the limit; nor do we so decide. We concur, however, in saying that the writ should not have been dismissed, for the reasons assigned in the motion; and in sustaining the same, the court below erred.

Judgment reversed.