ROBERTSON v. THE ELDORA RAILROAD AND COAL COMPANY.

1. Appeal; FROM RAILROAD RIGHT OF WAY ASSESSMENT. In the absence of any statutory direction as to the manner of taking an appeal from the assessment of damages for right of way, it seems any act of the party usually required in cases of appeal from one tribunal to another, is sufficient.

2. —— It is accordingly *held*, that notice of appeal to the opposite party is sufficient. And it seems that in case of appeal by the land owner no bond is necessary. But if one should be held necessary, the omission to file it would not operate to dismiss the appeal, as in such case the court could require one to be filed.

3. —— FAILURE TO FILE PAPERS. The failure of the officer to file the papers until the first day of the next term after the appeal was taken constitutes no sufficient ground for dismissing the appeal

4. —— FAILURE TO PAY DOCKET FEE: RULE OF COURT. A rule of the District Court to which a cause was appealed, provided that, if the filing fee was not paid before noon of the first day of the term, the appellee might pay the same, and on motion have the appeal dismissed or judgment affirmed. *Held*, where the filing fee was not paid by the appellant until after noon of the first day of the term, but before the filing of a motion of the appellee to affirm, that the motion was properly overruled.

5. —— NOTICE: SERVICE ON RAILROAD DIRECTOR: APPEARANCE. *Semble* that service of notice of appeal upon a director of a railroad company is a sufficient service on the company under section 2825 of the Revision. But if not, an appearance by the appellee to object to the service would operate as a general appearance, and cure the defect.

*Appeal from Harden District Court.*

SATURDAY, JUNE 12.

THIS is a proceeding instituted by defendant under Rev. §§ 1317–1320 to assess the damages of plaintiff on account of the location of the road of defendant upon his land. From the assessment made by the jury, plaintiff appealed to the District Court. Defendant moved to

strike the case from the docket, and that the assessment of the jury be affirmed, which was not done, and thereupon defendant appealed to this court.

*E. W. Eastman* for the appellant.

*Henderson Brothers* and *Merriman* for the appellee.

BECK, J. — The errors assigned relate to the ruling of the court upon defendant's motion to strike the cause

1. APPEAL: from railroad right of way assessment.

from the docket and affirm the assessment of the jury. The grounds of this motion will be stated and considered separately.

I. It is urged that the appeal was not taken within the time and the manner prescribed by law. The statute (Rev. § 1317) provides that an appeal from the assessment of damages by the jury may be taken to the District Court within thirty days after such assessment is made. The manner of taking such an appeal is not prescribed. In the absence of statutory directions, it seems that any act of the party usually required in cases of appeals from one tribunal to another, sufficiently indicating the intention of the appellant to remove the case by appeal to the higher court, ought to be held sufficient. The service of notice to that effect is a usual and proper way in all cases to make known that intention. It has been held by this court that the filing of a bond with the sheriff, under whose direction the assessment was made, is sufficient to indicate an intention to appeal, and to give the District Court jurisdiction of the cause. *The Dubuque & Pacific R. R. Co.* v. *Shinn*, 5 Iowa, 517. And it is held that the filing of a bond in the District Court will have a like effect. *Dubuque & Pacific R. R. Co.* v. *Crittenden*, id. 514. In neither of these cases had notice been given, though it is intimated in the last case that notice is indispensable to a trial anew in the District Court. We conclude that a notice to the opposite

Robertson v. The Eldora Railroad and Coal Co.

party will give the District Court jurisdiction. It would seem to be the more regular practice. Inasmuch as the appeal does not necessarily stay the proceeding, the railroad company being authorized, upon depositing the amount assessed as damages with the sheriff, to prosecute the work upon the land of the appellant, it appears that a bond of the appellant is not necessarily required to protect the parties concerned. But, should it be held that a bond is necessary, that ought not to work a dismissal of the appeal, for the court can require one to be given.

The appeal may be taken within thirty days after the assessment is made. Rev. § 1317. The appeal in this case having been taken within the time prescribed by law and by notice, the court had jurisdiction of the case.

II. The papers were not filed in the District Court until the first day of the next term after the appeal was taken. 3. —— failure to file papers. The appeal having been properly taken by notice, we do not think that the appellant should be prejudiced by a failure of the officer to file the papers at an earlier day.

III. A rule of the District Court, from which the cause is appealed, is to the effect that, in appeals taken ten 4. —— failure to pay docket fee. days before the first day of the term, if the filing fee be not paid before noon of the first day of the term, the appellee may pay the same, and, on motion, have the appeal dismissed or the judgment affirmed. The filing fee was not paid by the plaintiff until after noon of the first day of the term, but before the motion of defendant was made. The defendant did not therefore comply with the rule by paying the filing fee, and was not entitled to claim the right to have the case dismissed or judgment affirmed under it.

IV. Service of the notice of appeal was made upon one of the directors of defendant. It is objected that he

5. —— notice: is not the proper officer upon whom the ser-
service on rail-
road director: vice should have been made.   I think other-
appearance. wise, and that the service upon such an officer
is good.  Rev. § 2825.   A majority of the court, however,
without expressing an opinion upon this view, concur
in holding that the objection is not available, on the
ground that the appearance of the defendant to object to
the service upon the director, under section 2840 of the
Revision, operated as a general appearance, and cured
the defect, if such it were, of service upon an improper
officer.   Of the correctness of this view I have great
doubt myself.   The motion of the defendant was cor-
rectly overruled, and the judgment of the District Court is

Affirmed.