## INGERSOLL V. THE CITY OF DES MOINES.

1. **Taxation**: BOARD OF EQUALIZATION: APPEAL. The fact that a city council irregularly exercised the authority conferred upon it as a board of equalization will not deprive a property holder of the right of appeal to the Circuit Court.

2. ———: ———: ———. No time is prescribed by statute within which an appeal may be taken, and no bond is required to be given by the appellant.

3. ———: ———: ———. While an appeal will not lie directly from the assessor to the Circuit Court, but complaint must first be made to the city council, yet one who is aggrieved need not more than once make complaint to the council.

*Appeal from Polk Circuit Court.*

### TUESDAY, OCTOBER 3.

THE plaintiff was assessed by the assessor of the city of Des Moines in the sum of $4,000, upon stock in the Hawkeye Insurance Company to the amount of $32,000, twenty-five per cent paid up. The council of the city, acting as a board of equalization, ordered this assessment to be increased to $16,000. From this proceeding plaintiff appealed to the Circuit Court, where the action of the city board of equalization was reversed and the assessment reduced to the sum fixed by the assessor, $4,000. From the judgment of the Circuit Court the city appeals.

*Smith & Baylies,* for appellant

*Miller & Godfrey,* for appellee.

BECK, J.—I. It is first insisted, on the part of the defendant, that the Circuit Court had no jurisdiction of the case, and therefore erred in overruling a motion by defendant to dismiss the proceeding on that ground.

1. TAXATION: board of equalization:appeal.

The city council is the board of equalization of taxes levied for city purposes. Code, section 829. Appeals from the action of the board may be taken to the Circuit Court. Code,

section 831. It is insisted by defendant's counsel that the city council, as a board of equalization, took no action in the premises, and therefore no appeal will lie in the case. The change in plaintiff's assessment was made by order of a committee of the city council, appointed for the purpose of equalizing the assessment. They assumed to discharge the power of the council under its authority conferred by the appointment of the committee. Now, let it be conceded that this act was irregular, if you please without authority. yet it was done under pretense of the authority of the council as a board of equalization, and the city council adopted the act by formal resolution. The most that the position of defendant's counsel amounts to is, that the council, irregularly exercised the authority conferred upon them as a board of equalization. This will not cut off the right of appeal; it will rather afford a reason for correcting the irregular action.

II. It is next made the ground of an objection by defendant that the appeal was not taken within a reasonable time. The statute prescribes no time within which an appeal must be prosecuted. We cannot fix such time. It is probable that the law ought to fix a limit of time within which the right might be exercised. But it has not and therefore we cannot prescribe such limit. *Porter & Lucas v. Helmick*, 2 Iowa, 87. The same remarks may be applied to the fact that no appeal bond was given by plaintiff. None was required by the statute.

III. It is insisted that, as plaintiff did not appear before the city council and claim that the erroneous equalization in his case be corrected, he can have no relief on appeal. If plaintiff were complaining of an assessment by the assessor without having brought the matter to the attention of the board of equalization, defendant's position would be correct. In that case, the board of equalization having never acted, plaintiff could not appeal. Upon this point the case differs from *Macklot v. City of Davenport*, 17 Iowa, 379, cited by counsel for defendant. The board of equalization has acted; from this action plaintiff can appeal. In *Macklot v. Davenport*, the board having exclusive jurisdic-

tion of. the matter in controversy, it was held that another court could not take original cognizance thereof. The appeal is authorized from the action of the board of equalization, and it is not necessary for one who is aggrieved by their action to bring the matter before the tribunal again for the purpose of pointing out the error in its former action.

IV.   It is next insisted that the city council, as a board of equalization, did not approve and ratify the change in the assessment made by the assessor under direction of the committee, for this reason:   The resolution of the board is to the effect that all changes made "in red ink figures" upon the assessment roll were approved.   The committee's report, which was approved by this resolution, states that the changes were made in red ink, but the fact is that the original figures of the assessment were crossed out with red ink, and the corrected figures written in black ink.   It is insisted that the council did not, therefore, approve the correction.   But the agreed statement of facts shows that this change was made by order of the committee of the city council and was by them reported to the board, and the record shows the city is claiming to enforce the collection of taxes upon the corrected assessment.   There can be no doubt that the change in the assessment was approved by the board. The mere fact that the color of the ink in which certain figures were written is misdescribed in the resolution of the board, will not establish the contrary.

V.   The duty of the board of equalization was to equalize assessments of property holders, that is make them equal, so nearly as practicable, that justice — approximate justice— should be rendered to all.   The testimony clearly shows that in plaintiff's case the change in his assessment did not attain this end.   If there was inequality in the assesment of the different taxpayers upon the class of property denominated corporation stocks, the assessment of which to plaintiff is complained of, the change increases the inequality.   Such stocks of other taxpayers were assessed, by the correction, at less value than plaintiff's.   This clearly appears.   It does not appear that the assessment, as it originally stood, was correct,

or that the assessment of other taxpayers was correct; but it clearly appears that the change did not make the assessment more nearly accurate. It was simply a change increasing inequality, instead of tending to establish equality. We are satisfied that the valuation of the class of property in question, as well as all other property, was not made in accord with the requirements of the law. But the change of plaintiff's assessment does not cure the nonconformity with the law in the case of plaintiff's property, or the property of others. It was simple wrong added to illegality; it cannot be sustained. The court below was not authorized to correct the assessments of the taxpayers, so that the law would be complied with. It correctly set aside the changes in plaintiff's assessment.

AFFIRMED.