Richards v. The Town of Rock Rapids.

---

## RICHARDS v. THE TOWN OF ROCK RAPIDS.

1. **Taxation:** APPEAL FROM BOARD OF EQUALIZATION: NOTICE: APPEARANCE. Where a notice of appeal from a refusal of a board of equalization to reduce an assessment is served within 60 days after the adjournment, and the board appears in the appellate court, the jurisdiction of the court cannot be defeated by showing an irregularity in the notice, or in the manner of service.

2. **Removal to Federal Court:** FEDERAL QUESTION: TAXATION OF NATIONAL BANKS. The fact that the laws of the state prescribe the same rule for the taxation of national banks as that laid down by the statute of the

United States, does not defeat the jurisdiction of the federal courts to construe the federal statute in a cause arising within the state; and in such case, where the amount involved is sufficient, and the law has otherwise been complied with, a removal should be granted.

*Appeal from Lyon Circuit Court.*

SATURDAY, JUNE 18.

THE plaintiff is president of the First National Bank of Rock Rapids. The defendant is an incorporated town, the council of which is the board for the equalization of the assessment for taxation of the property situated within said incorporated town. The plaintiff appeared before the board, and, in behalf of the stockholders of the bank, made complaint that the assessment of the capital stock of the bank was in excess of the assessment upon other moneyed capital of individuals in said incorporated town, and therefore illegal to that extent. The board refused to equalize the amount as demanded, and thereupon plaintiff appealed to the circuit court, where he filed a petition, in which he recited that final action was taken on said application by the board of equalization on the 8th day of May, 1886, and the clerk of said board was served with notice of the appeal on the 2d day of July, 1886. The notice of appeal was exhibited with the petition. The defendants appeared by counsel, and filed a motion to dismiss the cause, for the reason, as appears from the notice and petition, that no appeal was taken; that no notice of appeal was served within sixty days; that plaintiff's petition was not filed within sixty days from the adjournment of the board of equalization. The motion was overruled. Thereupon the plaintiff filed a petition demanding the removal of the cause to the circuit court of the United States, in which petition he showed that the amount in controversy exceeded the sum of $500, exclusive of costs, and that the questions arising in the proceeding are to be determined under the constitution and laws of the United States, and thus involve a federal question which it is the right of the plaintiff to have

determined by the federal courts. The plaintiff tendered with his petition for removal a bond such as is required by law, which bond was approved by the court. The court refused to order the removal of the cause, but entered an order affirming the acts of the board of equalization. The defendant appealed from the order overruling the motion to dismiss the proceeding, and the plaintiff appealed from the order refusing to order the removal of the cause.

*E. C. Roach*, for plaintiff.

*J. M. Parsons* and *H. G. McMillan*, for defendant.

ROTHROCK, J.—I. As to the defendant's appeal. The ruling of the board of equalization was subject to review by appeal to the circuit court within sixty days after the adjournment of the board. The statute does not prescribe the steps necessary to be taken to perfect the appeal. The record in the case, so far as we have any record, shows that a notice of appeal was served within proper time, and that the notice sufficiently described the matter or order appealed from. It does not appear how or in what manner the service was made. This, however, is immaterial, as the service seems to have been sufficient to cause the defendant to come into court and appear to the proceeding. The appearance cured any defect there may have been in the manner in which the notice was served. Upon the defendant's appeal the ruling of the circuit court must be affirmed.

1. TAXATION: appeal from board of equalization: notice: appearance.

II. It is not denied that the question involved in the case requires the application of the rule of taxation prescribed by section 5219 of the Revised Statutes of the United States. The controversy, therefore, involved a federal question. The fact that the laws of the state prescribe the same general rule does not defeat the jurisdiction of the federal courts. If this position be not correct, a state might, by re-enacting any

2. REMOVAL to federal court: federal question: taxation of national banks.

federal statute, take away the jurisdiction of federal courts. The case is clearly removable under the act of congress approved March 3, 1875, the provisions of which we need not here repeat. The parties were before the court; a controversy existed between them in a proceeding involving a question under a federal statute; and we think the order of removal should have been made.

Upon plaintiff's appeal the judgment will be

REVERSED.