BROWN v. THE TOWN OF GRAND JUNCTION *et al.*

**Taxation:** ASSESSMENT: APPEAL: CHANGE OF ISSUE BY AMENDMENT. Plaintiff was assessed by the town council upon goods and merchandise in the sum of ten thousand dollars. On appeal to the district court, it appeared that the assessment was wrongful, because he had no goods and merchandise; but the evidence showed that he might properly have been assessed that amount on account of moneys and credits. *Held* that it was error to permit defendants to amend their pleadings to conform to the evidence, and then to assess plaintiff with ten thousand dollars on moneys and credits, because the court could not try any other issue than that presented by the appeal. (See opinion for cases distinguished).

*Appeal from Greene District Court.*--HON. J. H. MACOMBER, Judge.

FILED, OCTOBER 13, 1888.

THE plaintiff was assessed for taxation for the year 1887, by the town council of Grand Junction, upon ten thousand dollars worth of merchandise. He appealed to the district court, where a trial was had, and a decree was entered for the defendants. Plaintiff appeals.

*Howard & Rose* and *W. W. Turner*, for appellant.

*Church & Lovejoy* and *Cole, McVey & Clark*, for appellees.

ROTHROCK, J.—For several years prior to 1886, the plaintiff was extensively engaged in buying, packing, preserving and shipping eggs. His place of business was at Grand Junction, in Greene county, where he had buildings, egg-cases, tubs or vats in which to pickle eggs, and other fixtures and appliances adapted to the business. On the sixth day of December, 1886, he sold out his entire business, including all of the property used in prosecuting said business, to certain parties in the city of New York, so that on the first day of January, 1887, he had no merchandise nor personal property at Grand Junction. The sale was made in good faith, and in a short time thereafter the plaintiff removed to Colorado. On the fourth day of April, 1887, the town council of Grand Junction, sitting as a board of equalization of assessments for taxation of property for the year 1887, assessed the plaintiff with ten thousand dollars upon merchandise. The fact is plaintiff did not have any merchandise which was taxable, in Grand Junction, for the year 1887. The plaintiff, being in Colorado, returned to Grand Junction, and appeared before said board on the fifteenth day of April, 1887, and demanded that said assessment be cancelled because he did not have nor own any merchandise in the town of Grand Junction nor in the state on or after January 1, 1887. The board refused to cancel the assessment. An appeal was taken to the district court, where elaborate pleadings were filed by the parties, and a full trial was had, in

which it was clearly shown by the evidence that the assessment upon merchandise was wrongful and erroneous. But after the evidence was all introduced, and one argument had been made in the case, the defendant, in the view that the evidence showed that the plaintiff was properly assessable on ten thousand dollars of moneys and credits for the year 1887, by leave of the court, amended its answer to conform to the evidence, and demanded that the court change the assessment from merchandise to moneys and credits. The plaintiff demurred to the amendment. The demurrer was overruled, and the court, by its decree, found that plaintiff had sold his merchandise prior to January 1, 1887, but that he was properly taxable on ten thousand dollars, the proceeds of the sale of said merchandise. In other words, the court changed the assessment from an assessment upon personal property or merchandise to an assessment upon moneys and credits. The question for determination is, was the court authorized to make the change? The appeal was taken by the plaintiff from an assessment upon personal property,—merchandise. Appellant and appellee, by the appeal and by the issues presented by the pleadings, proceeded to the trial of that question. The plaintiff was not advised by the assessment, nor by any issue in the case, that he would be required to show more than that he did not have the property upon which the assessment was levied. He was not required to show that he did not have other property upon which he was liable to taxation. We think the court could not try any other issue than that presented by the appeal. The decree of the court finds no support in the cases of *Davis v. City of Clinton*, 55 Iowa, 549, and *Dunleith & D. Bridge Co. v. County of Dubuque*, 55 Iowa, 558. In those cases the appeals involved merely the question of the valuation placed upon property. What is said in the first-named case about the circuit court and this court being invested with the same powers as boards of equalization was merely in the way of argument on the question whether an appeal

from an assessment should be regarded as a proceeding at law or in chancery. It never has been held by this court that the district court has power to make an original assessment of property for taxation. Its jurisdiction is appellate, and when it found in this case that the appellant was not the owner of the assessed property, it had no more power to assess him with another species of property than it had to make an original assessment.

REVERSED.