C. J. FROST, Appellant, v. BOARD OF REVIEW OF OSKALOOSA.

**Appeal from Board of Review:** RECORD ON APPEAL: *Jurisdiction of district court.* Where appellant filed in the district court a notice to the presiding officer of the board of review stating that appellant appealed from the action of said board with regard to his assessment and the adding of his property to the assessment rolls, but filed no statement, transcript, complaint, certified copy of the proceedings of the board, or other paper to show that any decision had been rendered by the board of review, or of what appellant complained, there was nothing before the court to indicate that the appeal was from the action of the board of review, as authorized by Code, section 1373, and hence it was properly dismissed.

REVIEW BY DISTRICT COURT: *Burden of proof.* Where a taxpayer appeals to the district court from the action of the board of review in approving an assessment, the burden is on the appellant to show the decision of the board is erroneous, since a contrary holding would impose on the district court the duty of making the original assessment of the property.

*Appeal from Mahaska District Court.—*HON. A. R. DEWEY, Judge.

SATURDAY, MAY 18, 1901.

THE appellant filed in the district court a notice to the mayor of Oskaloosa, presiding officer of the board of review of that city, advising him that said Frost appealed to the dictrict court "from the action of said board with reference to the complaint of said C. J. Frost with regard to the assessment of him, and the adding of his property to the assessment rolls by the said board at its session ending in June, 1899." The record presented by appellant shows further the entry by the judge from which it appears that the cause came on for trial, both parties appearing by counsel, and it was stipulated as to the time when the board of review finally adjourned, and that each party then rested the case

without introducing any evidence, whereupon appellee moved the dismissal of the appeal and the affirmance of the assessment made by the board of review against the said Frost, which motion was sustained, and appellant excepted, where upon the court taxed the costs to him, and rendered judgment against him therefor, from which judgment he appeals. A certificate of the judge as to the evidence shows no other facts in addition to those appearing from the final judgment, except that appellant asked that appellee be held to have the burden and the opening and closing of the case, and the court held that appellant had the opening, to which he excepted.— *Affirmed.*

*Liston McMillen* for appellant.

*Byron W. Preston* for appellee.

McClain, J.—As is usual in cases where an attempt is made to appeal to the district court from the decisions or findings of some administrative board, in accordance with statutory provisions regulating such appeal, we are met at the outset with a question as to what is the proper practice in such a case, and whether the party making complaint in the district court of the action of the board or tribunal has taken the proper steps to have his complaint considered. It is unfortunate that there are no general provisions in the statute for the regulation of these appeals, as, in the disconnected sections in which appeals of this kind are authorized, no direction is given as to the method of procedure. In Code, section 225, relating to the general jurisdiction of the district court it is provided that it has jurisdiction "in all appeals and writs of error taken in civil or criminal actions and special proceedings authorized to be taken from all inferior courts, tribunals, boards, or officers, under any provisions of the law of this state"; and in section 3660 that "in appeals from justice courts or other inferior tribunals, in civil cases, the appellant shall cause the

case to be docketed by noon of the second day of the term to-which the same is returnable," and then it is provided how appellee may have the judgment affirmed or the case set down. for trial in the event that the appellant has failed to have the case docketed as required. It is evident that an affirmative duty is imposed on appellant, to get a case before the court, and that something more than a mere service of the notice is contemplated. *Scott v. Lasell*, 71 Iowa, 180. In the same section it is further said that "the provisions of this Code as to appeals from justice courts shall be applicable, so far as may be, to other appeals contemplated in this section." This last provision seems to have been inserted for the first time in the Code of 1897, and perhaps may indicate some rules of practice not recognized by cases decided before the time relating to the proper method of procedure in these cases. If we look to the provisions of the Code relating to appeals from justice courts, we find, in general, that the appeal is perfected by giving a bond (Code, section 4552), and that notice is required, which may be given orally on the day when judgment is entered, or afterwards by written notice served on the appellee or his agent (Code, section 4560). In some of these proceedings before administrative boards from which appeals are allowed, it has been held, under provisions prior to the Code, that bond is not required. *Ingersoll v. City of Des Moines*, 46 Iowa, 553; *Robertson v. Coal Co.*, 27 Iowa, 245. And we do not undertake to say now that the provisions above referred to in Code, section 3660, makes a bond necessary. No such question is raised in this case. The important requirement recognized in cases of this kind heretofore decided by this court is the giving of notice. *Bremer Co. Bank v. Bremer County*, 42 Iowa, 396; *Hahn v. Railroad Co.*, 43 Iowa, 333; *Richards v. Town of Rock Rapids*, 72 Iowa, 77; *Robertson v. Coal Co.*, 27 Iowa, 245. It would seem to us, however, that, to get the case into the district court by appeal from an inferior board or tribunal,

it must be essential that, in addition to some form of notice, the proceedings of the board or tribunal from which an appeal is taken be made to appear in the district court, and also that it be made to appear that some decision was rendered by the board or tribunal of which the party appealing to the district court complained. In some of these cases it is expressly provided, as in Code, sections 329, 2009, 2318, 2442, that the proper clerk or other recording officer of the board or tribunal shall file in the district court some transcript of the proceedings before such board or tribunal; and, where there is such provision, then the appellant has it within his power to compel the filing of such a transcript, and thus to make matter of record in the district court the proceedings in which the appeal is taken. But this duty of transmitting to the district court a transcript of the proceedings is not in all cases imposed upon the clerk of the board or tribunal, and we will not undertake now to say in what manner the appellant is to get before the district court the proceedings with reference to which complaint is made; but it seems to be clear that in some way this must be done, in order that the district court shall have a case before it. The duty imposed upon the district court by Code, section 225, is to try an appeal. *Ross v. Campbell,* 98 Iowa, 1; *Ashton v. Stoy,* 96 Iowa, 197. That court can certainly not be substituted for an administrative board, and made to perform its functions.

Passing now to a consideration of the particular case which is presented to us, we find that by Code, section 1373, "any person aggrieved by the action of the assessor in assessing his property may make oral or written complaint thereof to the board of review which shall consist of a statement of the errors complained of, with such facts as may lead to their correction, and any person whose assessment has been raised or whose property has been added to the assessment rolls as provided in the preceding section shall make such complaint before the meeting of the board for final action with reference thereto, as provided in said section, and appeals may

be taken from the action of the board with reference to such complaints to the district court or the county in which such board holds its sessions within 20 days after its adjournment." It is contemplated, therefore, that there shall be a complaint before the board or review, action thereon by the board, and an appeal from such action. *Ingersoll v. City of Des Moines,* 46 Iowa, 553; *Burns v. McNally,* 90 Iowa, 432. Now in this case there was absolutely nothing before the district court indicating in any way—by way of transcript or otherwise—that any complaint was ever made by appellant to the board of review, nor the grounds of any such complaint, nor that the board of review ever acted with reference thereto. Without something before the court to show that there was such complaint and action, how can the district court consider an appeal from such action? Appellant might have at least filed a certified copy of the proceedings of the board of review, showing appellant's complaint and the board's action or want of action, or perhaps he might have stated the facts to the district court in a petition, as seems to have been done in *Richards v. Town of Rock Rapids,* 72 Iowa, 78. It is true that a notice directed to the presiding officer of the board of review was filed in the district court, reciting that appellant appealed from the action of such board; but it does not appear, even from the notice, what the complaint was, nor what the action was; nor do we think that the recitals of the notice are sufficient to bring before the district court for consideration the action complained of. The purpose of a notice is to advise the party served that proceedings will be had, but it certainly cannot serve as the basis upon which a review can be founded. Its purpose is to bring the party into court, not to bring into court the subject-matter which is to be considered. In general, a notice serves its purpose without being filed in court at all. We are of the opinion, therefore, that in this case the district court had before it no matter for adjudication, and that the appeal was properly dismissed.

With reference to the further contention of appellant that the burden of proof was upon appellee to show that the assessment was correct, we have to say that, inasmuch as the appeal was from the action of the board of review, the burden of proof was on appellant to show that the decision of the board was erroneous. It certainly cannot have been contemplated by the legislature that the mere making of a complaint in the district court as to the action of taxing officers would throw upon that court the original and independent duty of making an assessment of appellant's property. Assessment of property is to be made by an assessor, and corrected by the board of review. Certainly no such duty as the making of an original assessment can be imposed on the district court. This view, which seems self-evident, is supported by cases in which it has been held that the district court may decrease, but not increase, the assessment of appellant's property. *Appeal of Des Moines Water Co.,* 48 Iowa, 324; *German-American Sav. Bank v. City of Burlington,* 54 Iowa, 609; and see *Brown v. Grand Junction,* 75 Iowa, 488. Some language has been used in *Grimes v. City of Burlington,* 74 Iowa, 123, and in *Lyons v. Board,* 102 Iowa, 1, indicating that the court becomes, on appeal, an independent assessing tribunal, but the language used in these cases should be limited to the questions which the court was considering; and, as thus limited, we think that it does not require us to hold that the burden of proof on the appeal to the district court is on the assessment board to show in the first instance that the appellant has property to be assessed. It is the action of the board of review with reference to appellant's complaint that is brought before the district court for consideration on appeal. The taxpayer must appear before the board of equalization and make known his grievance, and it is the action of the board with reference to this grievance which is to be considered. *Burns v. McNally,* 90 Iowa, 432. It is true that the district court is directed to

"hear the appeal in equity and determine anew all questions arising before the board which relate to the liability of the property to assessment or the amount thereof" (Code, section 1373), and that the court is not simply to determine whether the discretion of the board was properly and honestly exercised, but must find what is the fair assessment of the property (*Lyon v. Board,* 102 Iowa, 1). It is to be noticed that in the case which we have before us it nowhere appears in the proceedings in the district court what property of appellant his complaint related to. The incorrectness of appellant's contention is made more manifest when it is insisted by his counsel in argument that as, on the appeal to this court, there is to be a trial *de novo,* we should render a final decree as to the amount of appellant's assessment, notwithstanding the fact that the district court never had any means of knowing what appellant's assessment was, and that important fact is therefore entirely beyond the knowledge of this court. If the theory of appellant's counsel is correct, then the judgment of this court ought to be that appellant pay no taxes whatever; for, in his view, the appeal to the district court entirely superseded and nullified the action of the assessor and of the board of review, and no assessment on which taxes could be levied would remain. We hold that on appeal the action of the assessing officers must be presumed to be correct until error therein is shown, and that the burden of proof to show such error is upon the appellant.—AFFIRMED.