The rule of damages was correctly charged by the court, and to the charge no exception in this respect was taken. There was the usual conflict of testimony which is found in this class of cases. It would not be profitable to discuss the evidence at length. We think it was sufficient to sustain the verdict, and the judgment must stand unless error was committed on the trial.

Two alleged errors are claimed. The court refused to instruct the jury to consider the effect of their verdict on the question of fee damages then pending in condemnation proceedings. If it could, the jury were to render a verdict in the matters submitted to them on the evidence presented, regardless of consequences. Another error claimed is the admission of certain evidence which, it is contended, affected only the fee value. We think that the evidence also affected the usable or rental value. It is also urged that the court erred in admitting evidence as to noise. This was admissible in an action of this character, though not in one for fee damages. (*Kane* v. *N. Y. Elevated R. R. Co.*, 125 N. Y. 164.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying motion for new trial affirmed, with costs.

----

In the Matter of THE ASSESSMENT FOR IMPROVING EAST EIGHTEENTH STREET in the Town of Flatbush.

*Assessment for a street improvement — when a nominal assessment only is proper.*

Upon the return to a writ of certiorari to review an assessment for the improvement of a portion of a street, it appeared that a part of the street within the limits of the improvement had been improved and regulated by an abutting owner at his own expense, and accepted by the town authorities. The contract for the work excluded that part of the street, and only a nominal assessment was placed on the property adjoining the improved portion of the street, and the expense of the improvement was imposed upon the remaining property. *Held,* that such assessment was proper and should be affirmed.

CERTIORARI issued out of the Supreme Court and attested June 1, 1893, directed to the board of improvement of the town of Flat-

bush in Kings county, Theodore Alston, John J. McConnell and Peter Osman, commissioners, and Henry Hesterberg, town clerk, commanding them to return certain proceedings taken for the purpose of improving a portion of East Eighteenth street in the town of Flatbush, Kings county.

*Josiah T. Marean*, for William Matthews and others, relators.

*Wm. E. C. Meyer*, for the board of improvement of the town of Flatbush and others, respondents.

CULLEN, J.:

This is a certiorari to review an assessment for the improvement of East Eighteenth street in Flatbush, from Church avenue to the town line. It appears that a part of this street within the limits named had been improved and regulated by the abutting owner, one Ficken, at his own expense, and accepted by the town authorties. The contract for the work excluded that part of the street. Only a nominal assessment was placed on the property adjoining the improved part of the street, and the expense of the improvement was imposed upon the remaining property.

The statute provides that "if the district of assessment shall not extend beyond the middle of the blocks between the said street or avenue, and the street or avenue next adjoining thereto on each side thereof, they shall apportion and assess the said expense ratably, according to the number of feet fronting on such street or avenue, on the land of the several owners, extending back to the middle of such block." (Laws of 1892, chap. 572.) The relator contends that, under this provision, the commissioners should have levied its ratable share of the cost upon Ficken's land according to its front upon the street. This would be grossly unfair, and such an assessment should not have been levied upon that land unless the statute required it. Ficken's part of the street, having been improved and accepted by the town authorities, was not subject to further improvements under the statute under which these proceedings are taken. The petition, it is true, asks the improvement of the whole length of the street within the limits named. This should be construed as excluding such part of the street as had already been improved both in fact and in law. So, under the statute, the lands upon which the expense was to be

apportioned and assessed were the lands fronting upon the street or avenue, but this plainly was limited to the part of the street or avenue improved. There was no improvement of the street in front of Ficken's land, and, therefore, no assessment should have been imposed upon it. But the imposition of the nominal assessment nowise injures the relator, and Ficken does not complain.

The proceedings and assessment of the commissioners should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Proceedings and assessment of commissioners affirmed, with costs.

---

GEORGE GERBIG, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Expert testimony — scope of — damages resulting from personal injuries — evidence.*

Whether a certain wood. is strong or weak, brittle or tough, is a matter of fact, and of opinion only in the sense that it requires knowledge of and experience with lumber, and the exercise of the judgment derived from such experience to become aware of the fact, and the same is true as to the holding power of anchors, which is a mechanical or physical fact.

It is competent for experts to testify to opinions concerning matters justly the subject of expert knowledge, or to matters of fact which are not matters of common knowledge.

Upon the trial of an action brought to recover damages resulting from personal injuries, it was shown that the plaintiff, an employee of the defendant, was injured by the collapse of a bin filled with coal, where he had been put to work shoveling the coal. The adjoining bin was empty, and there was evidence to show that before the accident the side toward the empty bin had partly given way or been displaced by the pressure of the coal, and that the defendant had knowledge of that fact.

The plaintiff claimed that the defendant had been negligent in respect to the character of the lumber used, the insufficiency of the anchoring strips, and the failure to strengthen the bin after it had shown signs of weakness.

*Held,* that the evidence was ample to warrant a verdict in favor of the plaintiff.

The answer admitted the defendant's construction of the bin and alleged that it had furnished material suitable in character and in quantity, and had intrusted the work to competent persons, and that the negligence, if any, was that of the plaintiff's fellow-servants in performing the work.

*Held,* that evidence offered by the defendant that another coal company had built the partition and had stored the coal in the adjoining bin was properly excluded.