A. H. STUTSMAN, Appellant, v. THE CITY OF BURLINGTON, IOWA, and DES MOINES COUNTY, IOWA.

**Street improvement:** SUFFICIENCY OF ORDER. There is no prescribed form of an order directing the making or reconstruction of a street improvement, under Code, section 811; and such order substantially in the language of the preceding resolution of necessity, omitting the recital thereof as to the time when such resolution would be considered for passage, was sufficient where it was apparent the order was adopted in pursuance of the resolution of necessity and with the sole purpose of making the improvement if found expedient.

**Special assessment:** BENEFITS. An ordinance prescribing a rule for ascertaining the benefits to property by reason of a street improvement, is not essential to give effect to the statute authorizing special assessments on the basis of benefits.

**Assessment of property en masse.** Code, section 821, requires that each lot shall be separately assessed for a street improvement and not en masse, although there are several adjoining lots belonging to the same owner and used as one tract.

*Appeal from Des Moines District Court.*— Hon. W. S. WITHROW, Judge.

THURSDAY, JUNE 8, 1905.

A PORTION of the cost of curbing and paving the street was assessed against three lots belonging to plaintiff. On appeal to the district court the levy was approved, and he again appeals.— *Modified and affirmed.*

*C. A. Stutsman,* for appellant.

*La Monte Cowles,* for appellees.

LADD, J.— On the 17th day of November, 1902, the council of defendant adopted a resolution that it was necessary and advisable to make the following improvement, to-wit:

To grade, curb and pave with brick on concrete foundation Foster street, from the south side of Spray street to the south side of West avenue, said paving to be 36 feet in width between the curbs, and the cost of the same be assessed and levied as a special tax upon the real property adjacent to and abutting upon that part of the street or alleys upon which the said improvement shall be made, in proportion to the special benefits conferred upon the said property thereby and not in excess thereof [and that said resolution will be considered for passage on the 15th day of December, 1902, at which time you may appear and make objections to the contemplated improvement or sewer, and the passage of the said proposed resolution and at which hearing the said resolution may be amended and passed or passed as proposed], and the cost of such part of said improvement as is between the rails, and one foot outside of each rail of any street car company operating in the city of Burlington,

Iowa, will be assessed against the property of said street car company or companies in the manner prescribed by law.

The record does not disclose that any objection thereto was interposed, and on the day fixed a final resolution was adopted. It was an exact copy of the above, save that the portion included within the brackets was omitted. Appellant insists that this final resolution did not comply with section 811 of the Code, providing that " upon compliance with the preceding section the council may, by ordinance or resolution, order the making or reconstruction of such street improvement or sewer." The section preceding relates to the resolution of necessity, and it is conceded that the one quoted complied therewith. The criticism made is that the final resolution was not an order, but we think otherwise. No particular form of expression was required. It was adopted in pursuance of a resolution fixing a hearing, with the sole purpose of making the improvements if found expedient. No other object could have been had by the council in spreading it upon the records, and in pursuance of it the contract was let and the improvements made. While not as direct in language as it might well have been, no one, in view of the situation, could have been misled as to what was intended, and when thus definite the order is sufficiently explicit to meet the requirements of the statute.

II.   The next point raised is disposed of by the opinion in *Martin v. City of Oskaloosa,* 126 Iowa, 680, save the contention that an ordinance was essential to give effect to section 2. SPECIAL AS- 1 of chapter 29, page 14, of the Acts of the SESSMENTS: benefits. Twenty-Eighth General Assembly, providing that " such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits." The thought of appellant seems, to be that some method should be ordained for ascertaining these benefits. The manner of assessing is prescribed by statute, but what shall be taken into consideration in determining to what extent the property has been enhanced in

STUTSMAN v. BURLINGTON.     [127 Iowa

value by the improvement must depend on the circumstances of each particular case. Everything else being equal, the front-foot rule is just, in apportioning the cost among the several lot owners. *Minneapolis & St. Louis R. Co. v. Lindquist,* 119 Iowa, 144. For the very reason that "everything else" is not always equal, that rule has been abrogated, and the estimation of actual benefits substituted in its stead. In ascertaining these, many circumstances must necessarily be considered; and it would seem impossible, as it is certainly inexpedient, to formulate a rule which, in prescribing what should and what should not be taken into account, would meet every conceivable case. The statute is sufficiently definite in this respect, without the aid of an ordinance.

III. The plaintiff owned the south sixty feet of lot 10, and all of lots 12 and 14, each sixty feet wide. They were adjoining, with all the improvements on the center lot.

3. ASSESSMENT OF PROPERTY EN MASSE.

No fence separated them, and all were used together as one tract or parcel of ground, and rented as one property, and so used and occupied. In the resolution fixing the amount assessable against abutting properties, and designating November 2, 1903, as the time for hearing objection thereto, the portion relating to plaintiff's property was:

A. H. Stutsman, Starr and Foster's add. S. 60 10.. ........
All of 12................................... ......
All of 14................................... 583.35

To this plaintiff filed written objections, stating that he was owner of the lots; that two of them were vacant; that their value according to the last preceding assessment was $350 each; that it was proposed by the council "to assess each lot the sum of $194.45, or $583.35 for the three lots; that the assessment could not exceed twenty-five per cent. of the value of the property, under section 1 of chapter 29, page 14, of the Acts of the Twenty-Eighth General Assembly — and added, "Your honorable body now proposes to assess the said sum of $194.45 against each lot which is more

than fifty per cent. of the value thereof as aforesaid, which is excessive and burdensome and under the law illegal and unjust," and prayed for a correction of the assessment. It will be observed that no exception was taken to the omission to carry out the amount assessable against each lot separately. It seems to have been assumed that this was merely a clerical omission, and that they had been assessed separately for equal amounts. They were of the same width, and the record indicates, and it is admitted in argument, that the cost of the improvement was apportioned according to the number of front feet. The objections were directed to the assessments against the vacant lots. Not a word therein indicates complaint as to the one on which the buildings were situated. The issue was fairly raised, then, as to whether each lot was properly assessed, and this necessarily involved the propriety of assessing en masse. Appellee contends that such an assessment is permissible. *Smith v. City of Des Moines,* 106 Iowa, 590, and *Gill v. Patton,* 118 Iowa, 88, are authorities to the contrary. In the former the court distinctly rejected the contention of the dissenting justice that all lots made use of as one tract might be assessed together, notwithstanding but one lot abutted the street improved. In the latter, assessment against lots in pairs was condemned, and statutes like those now in force construed to require each lot to be separately assessed. Section 821 of the Code exacts that in ascertaining the part of the cost which "is assessable against the lots or parcels of ground . . . a plat of the streets, avenues, highways, alleys, of the part thereof on separate lots or parcels of ground, or specified portion thereof, subject to assessment for such improvement, the names of the owners thereof as far as practicable, and the amount to be assessed against each lot or parcel of ground, and against any railway or street railway, and shall file said plat and schedule in the office of the clerk, which shall be subject to public inspection." The following section provides for notice and the hearing of objections, and

directs that " the council having heard such objections and made the necessary correction, shall then make the special assessments as shown in said plat and schedule as corrected and approved." It is the separate lot or parcel of land which is to be assessed, and not several together. The platting segregates each lot, and it becomes a distinct parcel of ground, and, as held in the above decisions, should be separately assessed. Section 1, chapter 29, page 14, of the Acts of the Twenty-Eighth General Assembly, does not purport to change the manner of assessing in this respect, but does so limit the assessment that it " shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of the levy and the last preceding assessment roll shall be taken as *prima facie* evidence of such value." The manifest design of the council was to assess the improved and unimproved lots together, in order to avoid the limitation of this statute. We are not inclined to aid in thus evading the law. According to the record, $3.23555 for each front foor was assessed, and, accepting this as indicating the correct proportion of the costs as compared to benefits, the assessment against lot 12 should have been fixed at $194.45, and that against the others at twenty-five per cent. of the assessed value — no other being proven — or $90 each. With this modification, the decree of the district court is approved.— *Modified* and *affirmed.*