DES MOINES UNION RAILWAY COMPANY v. CITY OF DES MOINES, Appellant.

**Municipal corporations:** PUBLIC IMPROVEMENT: ASSESSMENT OF BEN-
EFITS. By the Act of the 28th General Assembly the cost of a street improvement is to be assessed against the abutting property in proportion to the benefits conferred, but the cost of the improvement is to be ascertained as a whole and then apportioned; so that where a street railway maintains a plank crossing over its tracks in front of its own abutting property and such crossing is not paved, the reduction in expense on account thereof applies to the entire street improvement, and the railway company cannot claim the full benefit of the same in estimating its proportion of the cost.

**Same:** DETERMINATION OF BENEFITS: FRONTAGE. The apportionment

2 of the cost of a street improvement is to be based upon the benefits to the abutting property, but in the absence of any other consideration affecting the benefits the frontage may be considered in determining the same.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

FRIDAY, NOVEMBER 20, 1908.

THIS is an appeal from a special assessment upon plaintiff's lots for the paving of the street on which they abut. The trial court reduced the assessment, and the defendant appeals.—*Reversed.*

*W. H. Bailey* and *Robert O. Brennan,* for appellant.

*N. T. Guernsey,* for appellee.

McCLAIN, J.—The plaintiff is the owner of two lots on each side of West Eighth street in the city of Des Moines, which by proper action of the city council has been caused to be paved for the distance of one block, between Vine and Cherry streets. The cost of this improvement, amounting to $1,867.43, was assessed to the owners of abutting property on each side, including the plaintiff, in the proportion which the frontages of their respective lots bore to the entire frontage, save that plaintiff was relieved from any assessment on twenty feet of frontage on each of two opposite lots because in front of that portion of these two lots there was an old pavement which was not disturbed. Five tracks of plaintiff's railway extended across the street between its lots, and at each track crossing there is planking between the rails and on each side for the width of eight feet. These planked portions of the street were not included in estimating the expense of paving, but the total expense of the paving was assessed ratably on plaintiff's lots in proportion to their

frontage without any deduction, save that made on account
of the old paving. Plaintiff insisted in the lower court that
in estimating the frontage of its lots the width of the
planking for each track should be deducted, and that it
should be assessed for approximately eighty feet less front-
age than the full frontage of its lots upon the street after
the deduction of twenty feet had been made. As already
indicated, the deduction of twenty feet of frontage on each
side of the street was allowed by the council on account
of pavement which was not disturbed, and no complaint is
made with reference to this action. The lower court sus-
tained plaintiff in its contention, and reduced its assess-
ment accordingly.

The provisions of section 818 as found in the Code
when it was adopted is that the cost of making any street
improvement "shall be assessed as a special tax against
the property abutting thereon in proportion
to the number of linear front feet of each
parcel so abutting." But subsequently (in
1900) a statute on the subject was passed in
which it was provided that, when any special assessment
is levied for any public improvement against any lot or
tract of land, "such special assessment shall be in propor-
tion to the special benefits conferred upon the property
thereby and not in excess of such benefits," and not in
excess of 25 per centum of the actual value of the lot or
tract; (28th General Assembly, chapter 29; Code Supp.
section 792a). Under this statutory provision, assessment
on each of plaintiff's lots was to be made in proportion to
the special benefits conferred by the pavement, and not by
the front-foot rule, and the resolution levying the assess-
ment recites that the assessment as made against said lots
is in proportion to the special benefits conferred upon said
property by such improvement, and not in excess thereof.
Counsel for appellee, however, insists that, on the face of
the assessment upon plaintiff's lots and other lots abutting

1. MUNICIPAL
CORPORATIONS:
public im-
provement: as-
sessment of
benefits.

upon the improvement, it is apparent that the assessment was made in accordance with the front-foot rule, and that, while it was properly so made, the frontage of plaintiff's lots should have been determined by excluding those por-. tions of such lots, in front of which plaintiff's tracks were planked and not paved, and that the trial court properly reduced the amount of plaintiff's assessment so as to correspond with this method of estimating the benefits.

It is to be noticed, however, that the cost of the pavement is to be ascertained as a whole, and was so ascertained in making the assessment.  One improvement may extend along the street for many blocks, and the cost of the whole may be apportioned to abutting property without ascertaining the actual expense of laying the pavement on each particular portion of the street in front of each particular lot.  See Code, sections 810-825.  The fact that the portions of street covered by the crossings of planks over plaintiff's tracks were not, in fact, paved, reduced the total expense of the paving to be assessed to abutting property, but no provision is made for reducing the proportion of the cost to be paid by the lots in front of which such unpaved crossings exist.  The planking at the crossings was done, no doubt, at plaintiff's expense under the requirement of Code, section 2054, but this expense borne by the plaintiff was not by way of substitution for paving.  Plaintiff would have been under obligation to construct such crossings had the street remained unpaved, and from the record we would infer that these crossings had been constructed and maintained by plaintiff prior to any steps being taken for the pavement of the street.  Plaintiff is the owner of lots abutting on the improvement, and the fact that portions of these lots are covered by tracks which cross the streets does not furnish in itself any reason for assuming that plaintiff is not benefited by the entire improvement in proportion to the entire frontage of its lots upon such improvement.

Counsel for appellee contends that the front-foot rule of Code, section 818, is still in force, and that assessments are to be made in accordance with this rule, unless the

2. SAME: deter-
mination of
benefits:
frontage.

benefits are not proportionate to the frontage, and that only in this event is the rule of assessments by benefits under Code Supp., section 792a, to be applied. We do not understand that this is the construction placed on these statutes in our cases. Since the adoption of the amendment requiring assessments to be proportionate to the benefits, we have held that the basis of the assessment is to be the proportionate benefits to the abutting lots, but that, in the absence of any other consideration affecting the benefits, the frontage may be properly taken into account as the basis for determining such benefits. *Stutsman v. Burlington*, 127 Iowa, 563; *Minneapolis & St. L. R. Co. v. Lindquist*, 119 Iowa, 144; *Reed v. Cedar Rapids*, 137 Iowa, 107.

Our attention is called to a case in the Supreme Court of New York—*In re East 18th St.*, 75 Hun. 603 (27 N. Y. Supp. 591)—which might be in point if the question were as to whether the portions of plaintiff's lots abutting on the twenty feet of old pavement should be taken into account in assessing plaintiff for the new pavement. But there is no such question in this case, and we need not consider the applicability of the case cited under the plan of assessment provided for by our statutes. To the argument made for appellee, that, if it should subsequently be determined by the city council that the portions of the street now covered by plaintiff's plank crossings should be paved, the expense of such pavement could only be assessed to plaintiff's lots, it is sufficient to reply that we have no such question, and that we think it by no means clear that such additions to the pavement could be assessed to abutting property under our statutory provisions. The situation is simply this: A street improvement of an aggregate cost properly estimated has been made, the expense of which may properly

be taxed to abutting property, and plaintiff's lots abut upon the improvement, and have been properly assessed in proportion to the benefits which in this particular case were reasonably found to be in proportion to the frontage of plaintiff's lots upon the improvement.   While the declaration of the council in its resolution that the assessment thus made is in proportion to the benefits is not conclusive on appeal, there is no evidence justifying us in holding that the benefits to plaintiff's lots are not correctly apportioned by the assessment made.

The trial court should have affirmed the assessment, and its decree reducing the amount thereof to plaintiff is *reversed*.