G. B. CARPENTER, Appellee, v. CITY OF HAMBURG et al.,
Appellants.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessment of Benefits—Benefits Exceeding Cost. An assessment of benefits against a particular lot is not necessarily limited to the actual cost of the improvement fronting such lot. Sec. 792-a, Code Supp., 1913.

*Appeal from Fremont District Court.*—E. B. WOODRUFF,
Judge.

MONDAY, MAY 14, 1917.

APPEAL from special assessments made against abutting property for street improvements.. Both parties appeal. *Affirmed* on plaintiff's appeal; *Reversed* on defendants' appeal.

*Tinley, Mitchell & Thornell,* for appellants.

*T. S. Stevens,* for appellee.

MUNCIPAL CORPORATIONS: public improvements: assessment of benefits: benefits exceeding cost.

GAYNOR, C. J.—Plaintiff, prior to and at the time of the happening of the matters herein complained of, was the owner of the W ½ of Block 60, comprising Lots 7 to 12,. inclusive. These lots fronted and abutted on Washington Street in the defendant city. The lots were 44 feet in width and 140 feet in depth. In 1913, Washington Street was paved, and, on December 31, 1913, the city council met for the purpose of levying special assessments against the lots abutting on said street on account of the improvements so made. The schedule intro-

duced in evidence shows that Lots 7, 8, 9 and 12, being vacant lots, were assessed at $100 per lot, and Lots 10 and 11, being lots occupied by plaintiff with his residence, at $265.48 per lot.

The plaintiff contends that, on December 31, 1913, the time at which the council met for the purpose of final assessments, an assessment was made of $150 per lot against Lots 7, 8, 9 and 12, and $165.50 per lot against Lots 10 and 11. It is claimed that this was subsequently changed to the amount shown by the schedule, without authority of law. We pass by this contention, however, with the statement that we think the fair preponderance of the evidence shows that the lots were regularly assessed on the 31st day of December, 1913, as shown by the schedule; that the plaintiff is mistaken in saying that the schedule as finally made on that day showed any different assessment from that which now appears upon the schedule. No doubt some time was spent in determining the amount that should be properly assessed to these several lots, and figures were made and changed from time to time; but we are satisfied that the final assessment was made on the 31st day of December, 1913, and was made by the council as it appears now upon the schedule. The presumptions are all in favor of the correctness of the schedule. It is the record kept by the board, and there is no satisfactory evidence that it was altered or changed.

It appears that the proportionate cost of one half the paving in front of each of these lots, including the intersections, was $165.50. On hearing in the district court, the assessments on Lots 7, 8, 9 and 12 were permitted to stand at $100. The court, however, reduced the assessments on Lots 10 and 11 to $165, and this upon the theory, we take it, that these lots could not be assessed for more than the actual cost of the paving in front of the lot assessed. Both parties appealed from the decree of the district court. The

defendants appealed first, and will be treated as appellants in this court.

The defendants present the following propositions for our consideration: First, there was no evidence that Lots 10 and 11 were not benefited to the amount of $265.48; second, the evidence shows affirmatively that said lots were benefited in said amount; third, the court erred in holding that the council had *no power* to assess a lot for more than the cost of paving in front of the lot. The defendants' appeal involves only the assessment of Lots 10 and 11. The plaintiff complains of the assessments against the other lots, claiming that they are in excess of 25 per cent of the market value. These are the only questions which we will consider.

We will dispose of plaintiff's contention first, and briefly. On examination of the record, we are satisfied that the assessments against Lots 7, 8, 9 and 12, at $100 each, are not in excess of 25 per cent of the actual value of the lots. As this is a mere fact question, we content ourselves with saying that we think the record fully sustains this finding.

The first two propositions submitted on defendants' appeal involve also fact questions, and upon this we have to say that these lots were highly improved and advantageously situated. The record shows that the pavement of this street greatly benefited them. • There is no affirmative showing that they were not benefited to the extent of the assessment. The council so found, and there is no evidence tending to show that their finding in this respect is not supported by the facts. We are confirmed in this by a consideration of the finding of the trial court upon this point. The trial court found that Lots 10 and 11 were worth from $4,000 to $5,000, but made no affirmative finding that the lots were not benefited to the extent of the assessment, and rested its conclusion on the thought that the assessment could not legally exceed the cost of paving *in front of each*

*lot.* This theory is not tenable. It is for the council to determine the necessity for the improvement and the extent of the improvement required by the necessities of the case. Having determined the necessity, it has a right to make the improvement. The council fixes the limitation of the improvement. The improvement is an entity. It has a right to contract for the making of the improvement. To this extent, it incurs costs which must be paid. It has a right to assess these costs against the abutting property, ratably and equitably; to assess against each property its proportionate share of the costs of the entire improvement, not to exceed, however, the benefits conferred upon the particular lot assessed. It is for the city council to determine these benefits before making the assessments. The assessment for benefits, however, cannot exceed 25 per cent of the actual value of the lot assessed. The improvement must be considered as an entirety. The costs of the improvement are an entirety. The contract is so made for the improvement. Upon the completion of the work under the contract, the cost of the entire entity is ascertained and determined. This is to be paid for by someone. The statute provides that it may be assessed against abutting property, ratably and equitably, according to the benefits conferred upon each lot or parcel of land abutting, with two limitations: that it shall not exceed 25 per cent of the actual value of the lot or parcel of land assessed, and shall not exceed the actual benefit conferred upon the lot by the improvement. "By the improvement" means the improvement as an entity. This thought found expression in *Des Moines Union R. Co. v. City of Des Moines,* 140 Iowa 218, particular point at page 221. It is said:

"It is to be noticed, however, that the cost of the pavement is to be ascertained as a whole, and was so ascertained in making the assessment. One improvement may extend along the street for many blocks, and the cost of the whole

may be apportioned to abutting property without ascertaining the actual expense of laying the pavement on each particular portion of the street in front of each particular lot. * * * Plaintiff is the owner of lots abutting on the improvement, and the fact that portions of these lots are covered by tracks which cross the streets does not furnish in itself any reason for assuming that plaintiff is not benefited by the entire improvement in proportion to the entire frontage of its lots upon such improvement."

See, also, as bearing upon certain phases of this controversy, *Early v. City of Fort Dodge,* 136 Iowa 187. In that case it is said:

"The final and decisive inquiry is whether the assessment when made is just and equitable, and bears some reasonable proportion to the benefits which the property derives from the improvements for which payment is to be made. * * * [Page 190.] Under our statute, the true rule, while prohibiting an assessment in excess of the benefits to the property, requires that the burdens be distributed ratably and proportionately upon all of the abutting property in the taxing or assessment district."

We hold, therefore, that the court erred in holding that these lots, abutting as they did upon the improvement, could not be assessed for more than the actual cost of the improvement in front of the particular lot. The council specially found that the assessment levied against these lots was in proportion to the special benefits from the improvement. The evidence supports this finding. The council also found that it did not exceed 25 per cent of the value thereof at the time of the levy. This also finds support in the evidence.

The case, therefore, must be reversed and remanded for judgment in accordance with this opinion. *Affirmed* on plaintiff's appeal, and *reversed* on defendants' appeal.

LADD, EVANS and SALINGER, JJ., concur.