F. E. SNYDER, Appellant, v. CITY OF BELLE PLAINE, Appellee (and two other cases).

MUNICIPAL CORPORATIONS: Public Improvements—Assessments—Distribution of Excess Costs. An assessment of benefits for a public street improvement is not necessarily limited to the cost of the improvement in front of the lot assessed. It follows that, if the cost of an improvement in front of a specified lot or lots is in excess of the special benefits, or is in excess of 25 per cent of the value of the lot, such excess need not be paid out of the general fund of the city if such excess can, by an equitably apportioned assessment, be so distributed among other lots within the improvement that no lot will bear an assessment in excess of the special benefits received, or in excess of 25 per cent of the value thereof, even though, by such assessment, some lots may be compelled to bear a burden exceeding the cost of the improvement fronting thereon. Sections 792-a, 792-b, Code Supplement, 1913.

MUNICIPAL CORPORATIONS: Public Improvements—Assessments—Front-Foot Rule Levy. The presumption that an assessment of benefits for a public street improvement is according to benefits received is not overcome by evidence that consideration of the so-called front-foot rule was not wholly disregarded.

MUNICIPAL CORPORATIONS: Public Improvements—Assessments—"Frontage" as an Element. "Frontage" may very properly be taken into consideration as *one* of the elements bearing on benefits.

MUNICIPAL CORPORATIONS: Public Improvements—Assessments—Identical Amounts on Small and Large Tracts—Effect. It may not be presumed, from the mere fact that two separate

tracts of materially different areas are assessed in the same amount, that such assessment is inequitable, and not according to benefits.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

MONDAY, JUNE 25, 1917.

APPELLANTS appealed to the district court· from the assessment of benefits by the city council on account of the cost of paving certain streets in the city of Belle Plaine. In the district court, upon hearing, the assessment of the city council was sustained. The same parties appeal from the finding and judgment of the district court.—*Affirmed.*

C. W. E. *Snyder* and *Clarence Nichols*, for appellants.

W. C. *Scrimgeour* and *Tobin & Tobin*, for appellee.

STEVENS, J.—I.    F. E. Snyder, C. W. E.

1. MUNICIPAL CORPORATIONS: public improvements: assessments: distribution of excess costs.

Snyder and Angeline Snyder are each owners of lots, or tracts of land, in the city of Belle Plaine, Iowa, abutting upon ·certain streets recently improved by paving and guttering.    Each of said parties filed written objections in the office of the city clerk to the assessments proposed by the schedule of the engineer then on file against said property, upon the ground that a portion of the cost of paving certain corner lots was illegally included in the amount proposed to be assessed against their lots, and that their lots should not be assessed for any part of the cost of the improvement.

The regularity of the proceedings of the city council, · except in the matter of assessing the cost of the improvement, is not questioned by appellant.    The improvement included a portion of Eighth Avenue, Twelfth and other streets in said city.    For the purpose of a more .equitable apportionment and assessment of the cost of the improve-

ment upon the abutting property, the total improvement was divided into three assessment divisions, or districts, known as A, B and C. A portion of the cost of paving the corner lots at the intersection of Eighth Avenue and Twelfth Street and Ninth Avenue and Twelfth Street was apportioned and levied upon other property in the respective assessment districts. The assessments in Division B averaged $6.19 per foot for the 40-foot pavement, except the four corner properties at the intersection of Eighth Avenue and Twelfth Street, which, on the side, averaged $3.09 per foot. The corner lots at the intersection of Ninth Avenue and Twelfth Street were assessed, on the side, at an average cost of $2.92 per foot, whereas all other property on said street was assessed at an average cost of $5.85 per front foot. The total cost of paving the streets abutting upon the sides of said lots exceeded the amount assessed against the same approximately $2,200. This sum was apparently apportioned in the proper amount, and levied upon the remaining property in the respective assessment districts.

Appellants complain of the assessment of a portion of the said $2,200 against their respective tracts, and contend that the same should have been paid by the city. This contention is based upon Section 792-b, Supplement to the Code, which provides that:

"If the special. assessment which may be levied. against any lot or tract of land shall be insufficient to pay the cost of the improvement, the deficiency shall be paid out of the general fund,  *   *   *"

Section 792-a of the Supplement to the Code is as follows:

"When any city or town council or board. of public works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred

upon the property thereby and not in excess of such bene-. fits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of levy, * * *"

The city council, therefore, in the matter of levying special assessments for public improvements upon abutting property, must not levy an amount in excess of the special benefits conferred, nor, in any event, to exceed 25 per centum of the value of the property. Another limitation upon the power of the city council in levying special as- sessments for the cost of paving and other public improve- ments is that the same shall be equitably apportioned and the levy made in accordance therewith.

In an apparent effort to reach a just and proper ap- portionment and assessment of the costs of the improve- ment in question, the city council divided the whole im- provement into three districts, as above stated, for assess- ment purposes, thereby treating the whole improvement, for assessment purposes, the same as though it were three sep- arate improvements. By this means, a safer and more equitable basis for comparison and apportionment was pro- vided. Evidently, the city council found that the deficit in question could be properly levied against other property benefited by the improvement without transgressing any of the limitations created by statute. This plan of assessing the cost of street improvements was approved by this court in a case decided at the present term (*Carpenter v. City of Hamburg*, 179 Iowa 1168), wherein it is held that, in making assessments, the total cost of the assessment district or im- provement should be taken into consideration, and the as- sessments levied ratably and equitably according to the benefits conferred upon each tract or parcel abutting upon the improvement. The special benefits conferred upon a given tract or parcel may be less or greater than the total cost of the improvement immediately in front or on the

side thereof.  If the special benefits conferred upon a given
tract exceed the cost of the improvement immediately in
front thereof, there would seem to be no reason why the
city council should not so apportion and levy the excess
upon such other property benefited as to equitably distrib-
ute the burden of the whole cost of the improvement
among the property owners in a given district.  Such is the
holding of the cited case, which is sustained by prior de-
cisions of this court.  See *Des Moines Union Railway Com-
pany v. City of Des Moines,* 140 Iowa 218; *Early v. City
of Fort Dodge,* 136 Iowa 187.

II.  Several members of the city coun-

2. MUNICIPAL
CORPORATIONS:
public im-
provements: as-
sessments:
front-foot rule:
levy.

cil, and also the engineer having charge of
the improvement, were called and examined
as witnesses by appellants upon the trial in
the court below.  The apparent purpose of
the testimony elicited from these witnesses
was to show that the assessments were not levied accord-
ing to the special benefits conferred upon the respective
tracts or parcels of property abutting upon the improve-
ment, but rather in accordance with the so-called front-
foot rule.  Each of the witnesses testified to the conclu-
sion that the assessments were levied strictly in accord-
ance with the special benefits conferred, and that the front-
foot rule was not followed.  The evidence, however, fails
to show that, in making the apportionment and levying the
assessment, the front-foot rule was entirely disregarded
by the council.  No other evidence was offered on behalf
of appellants, and the testimony of the several witnesses
taken together tends to show that the cost assessed against
the respective tracts was fairly in accordance with the spe-
cial benefits conferred by the whole improvement.  At any
rate, the evidence fails to show that the amount levied
against each of the respective parcels or tracts owned by
appellants was greater than the special benefits conferred

thereon. The engineer having charge of the matter testified that he examined each separate parcel or tract, and then prepared a schedule showing the special benefits conferred thereon, which, in his judgment, was just and fair. The schedule and classification prepared by the engineer were adopted and made the basis of the assessments levied by the city council.

3. MUNICIPAL CORPORATIONS: public improvements: assessments: "frontage" as an element.

The frontage may be properly taken into account as the basis for determining benefits, and the mere fact that the assessment may have been substantially in accordance with the cost of the improvement in front of each tract is not conclusive that the assessment was not according to the special benefits conferred, and does not overcome the presumption that the city council proceeded according to law. *Des Moines Union Railway Company v. City of Des Moines,* supra; *Stutsman v. City of Burlington,* 127 Iowa 563; *Minneapolis & St. L. R. Co. v. Lindquist,* 119 Iowa 144.

4. MUNICIPAL CORPORATIONS: public improvements: assessments: identical amounts on small and large tracts: effect.

It was also the duty of the city council to equitably apportion the cost of the improvement, so that the burden of the total cost should be shared equitably and justly by each tract or parcel in the improvement district. The evidence offered on behalf of the appellants was to the effect that certain improved lots of much larger area were assessed at the same rate as other property, apparently similarly situated, of much less area. There may have been some inequality in the assessment of these respective parcels, but the evidence fails to show this fact, except in so far as same may be inferred from the difference in the area and apparent value of the respective tracts. It was the duty of the city council to assess the cost against each of the respective tracts or parcels in accordance with the special benefits conferred, and

in such a way as to make the apportionment of the whole costs just and equitable. This court cannot presume, from the mere fact that two separate tracts of materially different area are assessed the same amount, that such assessment.is inequitable and unjust, and not according to the special benefits conferred. We are unable to say, notwithstanding the apparent inequality in the assessment, in the absence of evidence showing that fact, that said assessment is unequal and not according to benefits conferred. No evidence was introduced by appellants upon this question, and the trial court found that the assessment made by the city council should be upheld.

The judgment of the lower court is—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.