JACOB M. DICKINSON, Receiver, et al., Appellants, v. INCOR-
PORATED TOWN OF GUTHRIE CENTER, Appellee.

**MUNICIPAL CORPORATIONS: Conflicting Statutes in re Special**
1 **Assessments.** Section 817, Code, 1897, in so far as it provides
for levy of special assessments in proportion to lineal frontage,
was impliedly repealed by Section 792-a, Code Supplement, 1913,
which provides for such levy in proportion to benefits.

**MUNICIPAL CORPORATIONS: Presumption from Assessment.** He
2 who appeals from a special assessment must overcome the pre-
sumption of legality and equitableness which attends such as-
sessment.

**MUNICIPAL CORPORATIONS: Adjacent Property.** The property
3 of a railway company, when situated within 300 feet of a paved
street, though not abutting thereon, may be specially assessed
for the cost of paving, even though such property does not lie
between the paved street and any other street.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE,
Judge.

FEBRUARY 19, 1919.

APPEAL from an assessment for the cost of paving street
intersections.—*Affirmed.*

*F. W. Sargent, Foster & Foster,* and *J. C. Gamble,* for
appellants.

*J. E. Batschelet* and *Weeks & Vincent,* for appellee.

STEVENS, J.—The appeal in this case is from the assess-
ment of a portion of the cost of paving one alley and the
intersections on Third and First Streets in Guthrie Cen-
ter, Iowa, against the property of the Chi-
cago, Rock Island & Pacific Railway Com-
pany, and involves the construction of parts
of the following provisions of statutes:

1. MUNICIPAL COR-
PORATIONS:
conflicting stat-
utes in re spe-
cial assessments.

Section 817 of the Code of 1897. "The cost of any

street improvement or sewer at the intersection of streets, highways, avenues and alleys, or any part of it, and one half of the cost of the same at spaces opposite streets, highways, avenues and alleys intersecting but not crossing, and at spaces opposite property owned by the city or the United States, or any part thereof, may be paid, * * * in case of street improvements, from the city improvement fund, except that part to be constructed by, paid for by, or assessed to railways and street railways; but the cost in whole or in part of such street improvement at the places designated in this section, excluding cost of that part embraced within the foregoing exception, may be assessed against the property abutting or fronting upon that portion of the street, highway, avenue or alley so improved in proportion to the linear front feet fronting or abutting upon such improvement."

Section 792-a, Code Supplement, 1913. "When any city or town council * * * levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value."

Section 792-g, Supplemental Supplement, 1915. "Whenever, after January first, nineteen hundred fourteen, any city or town council, * * * levies any special assessment for street improvement as provided by Section seven hundred ninety-two of the Code and amendments thereto and supplementary thereof, the same shall be made in accordance with the provisions of Section seven hundred ninety-two-a of the Supplement to the Code, 1907, and shall be limited to the amount to be assessed against private prop-

erty, against all lots and parcels of land according to area so as to include one half of the privately owned property between the street improved and the next street whether such privately owned property abut upon said street or not but in no case shall privately owned property situated more than three hundred feet from the street so improved be so assessed. In case of improvement upon an alley, such assessment shall be confined according to area to privately owned property within the block or blocks improved and if not platted into blocks for not more than one hundred fifty feet from such improved alley. All property except streets, alleys, public highways, public driveways and property owned by the United States government shall be deemed privately owned property within the meaning of this section."

Section 792-h, Code Supplement, 1913. "All acts and parts of acts in conflict herewith are hereby repealed."

After the announcement of the decision of the Supreme Court of the United States in *Norwood v. Baker,* 172 U. S. 269 (43 L. Ed. 443), holding, in substance, that an assessment against private property for the cost of a public improvement in substantial excess of the special benefits conferred thereby is, to the extent of such excess, a taking of private property for public use without compensation, the so-called front-foot rule of levying assessments was abandoned, as such, by the cities and towns of the state.

The twenty-eighth general assembly, which enacted Section 792-a of the Supplement, 1907, did not specifically repeal Section 817 of the Code. Section 792-g of the Supplemental Supplement, 1915, enacted by the thirty-sixth general assembly, provided that special assessments for street improvements should be made in accordance with the provisions of Section 792-a of the Supplement of 1907, which requires that same be apportioned according to the special benefits conferred, and not in excess thereof, nor, in any

event, in excess of twenty-five per centum of the actual value of the property. The thirty-fifth general assembly enacted Section 792-h of the Supplement, 1913, repealing all acts or parts of acts in conflict with the provisions of Chapter 76, Acts of the Thirty-fifth General Assembly, of which Section 792-g is a part. That Section 792-a is in conflict with Section 817 is apparent. The latter required assessments for street intersections to be apportioned accord-ing to the linear feet fronting or abutting upon the improvement, whereas the former requires that such assessments shall be laid according to, and not in excess of, the benefits accruing from the improvement. It is, however, urged by counsel for appellant that the legislature has made no other provision for assessing the cost of street intersections; but it is quite obvious that the provisions of Sections 792-a and 792-g of the Supplement must control. These sections were evidently designed to include intersections as a part of the improvement, and treat the same as a whole. The method therein provided is in harmony with the holding of the Federal Supreme Court in *Norwood v. Baker,* supra, and is entirely fair, just, and equitable. Section 817, being in conflict with the later provisions of the statute, is clearly repealed by Section 792-a.

The exact method adopted by the council in apportioning the cost of paving the intersections and alley in Third Street against the property charged therewith is not shown by the record; but, presumptively, the stat-ute was followed, so that the assessment would not be in excess of the actual bene-fits conferred. *Carpenter v. City of Hamburg,* 179 Iowa 1168. The burden rested upon appellants to overcome this presumption. *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *Spalti v. Town of Oakland,* 179 Iowa 59; *Northern Light Lodge No.* 156, *I. O. O. F. v. Town of Monona,* 180 Iowa 62; *Burroughs v. City*

2. MUNICIPAL CORPORATIONS: presumption from assessment.

of *Keokuk,* 181 Iowa 660. In our opinion, this has not been done.

The property of the railway company does not abut upon the intersection of First and State Streets, but is adjacent thereto. State Street extends east and west, and First Street, north and south. There is no 3. MUNICIPAL COR- street west of First Street, and counsel for PORATIONS: ad- jacent property. appellants contend that Section 792-g does not, therefore, authorize the assessment of any part of the cost of the improvement upon property not abutting thereon. None of the property of the railway company situated more than 300 feet from First and State Streets was assessed.

Apparently, the purpose of the legislature, in providing for the levy of assessments "against all lots and parcels of land according to area so as to include one half of the privately owned property between the street improved and the next street whether such privately owned property abut upon said street or not," but in no case to include property situated more than 300 feet from the street so improved, was to enable cities and towns to assess all property benefited by street improvements; but it limited such assessment for the improvement of a given street to one half the area between the same and the next street, in order that the cost of improving both streets might be equitably borne by the abutting and adjacent property, and to protect the property owners against the danger of unfair assessments. The right to assess property not abutting upon the improvement is not made to depend upon whether there is another street beyond, but upon the special benefits accruing thereto by reason of the improvement, subject, however, to the limitations of the statute.

In the absence of a showing to the contrary, the presumption that the statute was followed in making same, and that the assessment is equitable and just, will prevail.

We are of the opinion that the judgment of the court below is right, and it is, therefore,—*Affirmed.*

LADD, C. J., GAYNOR and SALINGER, JJ., concur.